```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
ELLYNN GREENHAUS, LAURIE GERSH, and
ROXANNE GERSH,

                    Plaintiffs,            MEMORANDUM & ORDER
                                           19-CV-5266(JS)(ST)
        -against-

KEVIN GERSH, GERSH ACADEMY SEATTLE, LLC,
also known as GERSH ACADEMY COUGAR MOUNTAIN,
GERSH INTERNATIONAL, PR, LLC, and
JOHN DOES 1-100, each being fictional
entities and persons whose true
identity is unknown,

                    DEFENDANTS.
-----------------------------------------X
APPEARANCES
For Plaintiffs:      Jeffrey L. Solomon, Esq.
                     J.L. Solomon Associates, P.C.
                     46 Fountain Lane
                     Jericho, New York 11753

For Defendants:      Steven J. Harfenist, Esq.
                     Harfenist Kraut & Perlstein, LLP
                     3000 Marcus Avenue, Suite 2E1
                     Lake Success, New York 11042
```

SEYBERT, District Judge:

Plaintiffs Ellynn Greenhaus, Laurie Gersh, and Roxanne Gersh (collectively, "Plaintiffs") initiated this action against their brother Kevin Gersh ("Kevin"), Gersh Academy Seattle, LLC also known as Gersh Academy Cougar Mountain ("Gersh Seattle"), Gersh International, PR, LLC ("Gersh International"), and John Does 1-100 (collectively, "Defendants"), arising out of allegations that Kevin breached his fiduciary duties as trustee for the 2012 Edward I. Gersh Irrevocable Trust by diverting funds

intended for distribution to Plaintiffs for his personal use.  (See Compl., D.E. 1.)  Currently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7).  (Mot., D.E. 23; Defs. Br., D.E. 23-3; Pls. Opp., D.E. 29; Defs. Reply, D.E. 30.)  For the following reasons, Defendants' motion is GRANTED in part and DENIED in part and Plaintiffs are GRANTED leave to file a Second Amended Complaint.

BACKGROUND[1]

Plaintiffs and Kevin are siblings and the children of the late Edward Gersh.  (Compl. ¶ 12.)  On or around December 23, 2012, Edward Gersh, as grantor, formed the 2012 Edward I. Gersh Irrevocable Trust (the "2012 Trust") as an income pass through for rental income received by E. Gersh Realty Corp. ("Gersh Realty"), the 2012 Trust's sole asset.[2]  (Compl. ¶¶ 12-14; 2012 Trust, Ex. E to Compl., D.E. 1-7.)  The 2012 Trust names Kevin as the sole trustee and Plaintiffs and Kevin as beneficiaries who are each entitled to equal shares of "the net income from the trust at least

---

[1] "When reviewing a motion to dismiss under Rule 12(b)(7), the Court may consider documents and facts outside the pleadings." Dumann Realty, LLC v. Faust, 267 F.R.D. 101, 101 n.1 (S.D.N.Y. 2010) (citing Cont'l Kraft Corp. v. Euro-Asia Dev. Group, Inc., No. 97-CV-0619, 1997 WL 642350, at *6 (E.D.N.Y. Sept. 8, 1997)). Accordingly, the following facts are drawn from the Complaint and exhibits submitted by the parties.

[2] Around January 2013, Gersh Realty's stock was transferred into the 2012 Trust. (Compl. ¶ 60.) Plaintiffs have not been provided with proof of this transfer.

annually."   (Compl. ¶¶ 12-14, 18; 2012 Trust, § I.A.)   Kevin is also the sole officer and director Gersh Realty and maintains full control of Gersh Realty as trustee of the 2012 Trust.   (Compl. ¶¶ 17, 19.)

As trustee, Kevin is permitted to invade the principal of the 2012 Trust in his discretion and subject to certain limitations.  (Id. ¶ 15.)   As such, Plaintiffs allege that Kevin diverted funds intended for distribution to finance his "lavish" lifestyle and to fund certain start-up companies such as Gersh Seattle and Gersh International.  (Id. ¶¶ 109-14.)

I.    Gersh Realty and the West Hills' Lease

Gersh Realty owns real property located in Huntington, New York (the "Property") that is leased to West Hills Day Camp, Inc. ("West Hills").  (Compl. ¶ 13.)   Kevin is also the sole officer and director of West Hills and controls all of West Hills' class A voting stock.  (Id. ¶¶ 16, 19.)   Plaintiffs and Kevin "and/or trusts [their father] may have created," own twenty-five percent of West Hills' class B non-voting stock.  (Id. ¶ 16.)

On or around September 30, 2017, plaintiff Ellynn Greenhaus received a letter from Kevin Gersh as "Trustee" of the "Edward Gersh Realty Trust"[3] stating:  "Enclosed please find a check in the amount of $15,000.00.  This constitutes your

---

[3] Not to be confused with the 2012 Trust.

3

distribution from the Edward Gersh Realty Trust and constitutes the third quarter distribution for the calendar year 2017." (Sept. 30, 2017 Ltr., Ex. J to Compl., D.E. 1-12; Compl. ¶ 88.) The letter noted "Gross Rent" in the amount of $60,000 and enclosed a check for $15,000 from Gersh Realty's bank account. (Sept. 30, 2017 Ltr.; Compl. ¶ 88.)   Among other things, Plaintiffs allege that payment from "Edward Gersh Realty Trust" or Gersh Realty is improper because all rental income payments were to be paid to the 2012 Trust.   (Compl. ¶ 91.)

II.   The West Hills' Subleases

Around September 2015, West Hills, through Kevin, entered into a five-year sublease with West Hills Montessori, Inc. a/k/a West Hills Montessori School, Inc. ("Montessori"), an entity wholly owned and/or controlled by Kevin, for $50,000.04 per year. (Compl. ¶¶ 23-24.)   Plaintiffs allege that Kevin diverted West Hills' rental payments from the 2012 Trust to finance Montessori's start-up costs.   (Id. ¶ 28.)   Montessori never paid rent and deprived Plaintiffs of $250,000.10 in rental income.   (Id. ¶ 34.)

Plaintiffs also allege that on or around April 1, 2016, West Hills, through Kevin, entered into a separate five-year sublease with Gersh Management, Inc. ("Gersh Management"), an entity owned and controlled by Kevin, for $50,004.00 per year. (Compl. ¶¶ 40, 43.)   Gersh Management did not pay rent and deprived Plaintiffs of $250,000 in rental income.   (Id. ¶¶ 45-46.)   Around

4

September 2019, Kevin formed another entity, Gersh Academy, to operate on the Property. (Id. ¶ 50.) Plaintiffs allege that Gersh Academy and West Hills did not execute a sublease with Gersh Realty and if they did, it is "below market value." (Id. ¶ 51.)

III. The Alleged Decanting of the 2012 Trust and the FBO Trusts

Edward Gersh passed away on June 5, 2014. Thereafter, Plaintiffs initiated a derivative action against Kevin[4] and discovered that between January 2013 and April 2013, Kevin decanted, or attempted to decant, the 2012 Trust pursuant to New York Estates Powers and Trust Law ("EPTL") § 10-6.6. (Compl. at 2 (Preliminary Statement) and ¶ 55.) Plaintiffs allege, however, that Kevin did not have standing or legal justification to decant the 2012 Trust and did not file documents with the Surrogate's Court to effectuate the alleged decanting as required by the EPTL. (Id. ¶¶ 56-57, 63.) Plaintiffs further allege that if Kevin decanted the 2012 Trust, he may have formed four new "John Doe Trusts" each designated in the names of Plaintiffs and Kevin

---

[4] Specifically, in 2015, Plaintiffs Laurie Gersh and Ellynn Greenhaus initiated a shareholder derivative action in New York state court against Kevin alleging that he diverted and misappropriated West Hills' funds for his own benefit and for the benefit of his entities (the "Derivative Action"). See Greenhaus et al. v. Gersh et al., No. 605905/2015 (Suffolk Cnty. Sup. Ct. 2015). As part of the Derivative Action, a forensic accountant calculated that Kevin embezzled or wrongfully diverted at least $5,400,000. (Forensic Rep., Ex. A. to Compl., D.E. 1-3.) The Derivative Action remains pending.

(collectively referred to as the "FBO Trusts").  (Compl. ¶ 58.)
Plaintiffs never received documentation regarding the alleged
decanting of the 2012 Trust nor the FBO trusts.  (Id. ¶ 59.)  Nor
do they know whether Gersh Realty's stock was transferred from the
2012 Trust to the FBO Trusts.  (Id. ¶ 64.)

A document dated August 14, 2013 and signed by non-party
Karen Bronzert reads that Ms. Bronzert "gave Valerie an[]
additional copy of the 'Exercise of Power to Invade Principal of
the Edward I. Gersh 2012 Irrevocable Trust' & an additional copy
of the Edward I Gersh 2012 Irrevocable Trust for the Benefit of
Kevin Gersh, Ellynn Greenhaus, Laurie Gersh, and Roxanne Gersh-
O'Brien."   (Aug. 14, 2013 Doc., Ex. I to Compl., D.E. 1-11.)
Plaintiffs dispute the document's authenticity and allege it was
created in support of Kevin's attempt to decant the 2012 Trust.
(Compl. ¶ 87.)

PROCEDURAL HISTORY

Plaintiffs initiated this action on September 16, 2019
seeking: (1) a declaratory judgment that the 2012 Trust and the
FBO Trusts are terminated and/or null and void, that Plaintiffs
each own twenty-five percent of Gersh Realty stock, and an order
compelling Kevin to transfer Gersh Realty stock to Plaintiffs;
(2) a declaratory judgment that the 2012 Trust, the FBO Trusts,
and/or the Edward Gersh Realty Trust, "or any other entity or
person," do not have any legal right, title, or interest to Gersh

6

Realty stock; (3) a declaratory judgment that Plaintiffs each have a twenty-five percent ownership interest in the Gersh Realty stock and an order compelling Defendant Kevin to re-issue Gersh Realty stock to Plaintiffs and Kevin as named beneficiaries of the 2012 Trust; (4) monetary judgment for at least $250,000, accounting for the rent paid to West Hills by Monessori, Gersh Management, and Gersh Academy, (5) an accounting from Kevin with respect to the 2012 Trust, Gersh Realty, the FBO Trusts, and the Edward Gersh Realty Trust; and (6) "an accounting from the source of funds used to capitalize and fund defendants Gersh [Seattle] and Gersh [International]," to turn over all funds in which Plaintiffs have an interest, and an "accounting for source of funds used to purchase" Kevin's Utah residence.  (See Compl. ¶¶ 115-32.)

After a series of conferences and the limited exchange of discovery, the parties briefed the present motion.

## DISCUSSION

Defendants argue dismissal is appropriate because (1) Plaintiffs failed to name Gersh Realty, West Hills, Montessori, Gersh Management, and Gersh Academy as necessary parties and their joinder would destroy diversity jurisdiction (Defs. Br. at 13-17); (2) the Court lacks personal jurisdiction over Gersh Seattle and Gersh International (Id. at 17-21); and (3) Plaintiffs fail to adequately plead their entitlement to a judgment against Kevin and for an accounting of the 2012 Trust,

Gersh Realty, Gersh Seattle, and Gersh International (Id. at 21-23).

I.   Legal Standard

        Under Rule 12(b)(7), "an action must be dismissed for failure to join a party under Rule 19 if the absent party is (1) necessary but joinder is not feasible, and (2) indispensable to the action."   Lipman v. Rodenbach, No. 19-CV-1073, 2020 WL 2307980, at *6 (E.D.N.Y. May 8, 2020) (citations omitted).   Under Rule 19(a)(1), an absent party is "required" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If the absent party is not necessary, then the Court need not determine whether the party is indispensable.   Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000).   The Court accepts all factual allegations in the Complaint as true and draw inferences in favor of Plaintiffs.   Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth., 795 F.3d 351, 354 (2d Cir. 2015).

II.  Analysis

A. Breach of Fiduciary Duty Claims

In opposition, Plaintiffs represent that they are "seeking recourse solely against [Kevin] and not against any of the non-named entities" and that "none of the entities identified by Defendants have any interest in the outcome [of] the declaratory judgment claims (Causes of action 1-3)." (Pls. Opp. at 8.) Recognizing this, the Court construes the Complaint as asserting claims for breach of fiduciary duty against Kevin as trustee of the 2012 Trust and/or 2012 FBO Trusts. Indeed, as alleged, "[t]here is no dispute that [Kevin] owed fiduciary duties to Plaintiffs in [his] capacity as [trustee] of the [2012] Trust." Kleeberg v. Eber, 331 F.R.D. 302, 318 (S.D.N.Y. 2019). Defendants concede that under Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 730 (2d Cir. 2017), the 2012 Trust and the FBO Trusts are not necessary parties.[5] (Defs. Reply at 5); see Loubier, 858 F.3d at 731 (traditional trusts "are incapable of being haled into court except through their trustees.") Accordingly, Plaintiffs' claims for breach of fiduciary duty are properly asserted against Kevin in his capacity as trustee. Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000) ("[A] district court may consider claims outside those raised in the pleadings so long as doing so

---

[5] For the same reasons, the Court finds that the Edward Gersh Realty Trust is not a necessary party.

9

does not cause prejudice."), superseded on other grounds by N.Y.C.
Local L. No. 85 (enacted 2005).  As discussed infra, however,
Plaintiffs are granted leave to amend the Complaint to assert these
claims, as appropriate.

The Court also construes the Complaint as asserting a
claim for breach of fiduciary duty against Kevin in his capacity
as an officer of Gersh Realty.  Although Defendants argue that
Gersh Realty is a necessary party whose joinder would destroy
jurisdiction, Gersh Realty is not a necessary party to the extent
Kevin acted as an officer and director of Gersh Realty, because
"[he] also had fiduciary duties to the shareholders of [Gersh
Realty] (including the [2012] Trust, which held the shares for the
benefit of the Trust beneficiaries)."  Kleeberg, 331 F.R.D. at
318.  Therefore, Plaintiffs have plausibly alleged a claim for
breach of fiduciary duty against Kevin as an officer and director
of Gersh Realty and Gersh Realty is not a necessary party to this
claim.  However, Plaintiffs are granted leave to file an amended
complaint.

In Count Four of the Complaint, Plaintiffs seek a
monetary judgment of at least $250,000, the amount(s) Monessori,
Gersh Management, and Gersh Academy allegedly paid to West Hills
in rent.  Defendants argue that these entities are necessary
parties because "the entities themselves would be the ones
responsible under the theories espoused."  (Defs. Br. at 16.)

10

However, the Court finds Plaintiffs' claim for $250,000 in damages arises from Kevin's purported self-dealing between these entities and Gersh Realty, and allegedly deprived the 2012 Trust, and its beneficiaries, "of lucrative opportunities and led to dissipation of Trust assets."  Kleeberg, 331 F.R.D. at 318.  Therefore, West Hills, Montessori, Gersh Management, and Gersh Academy are not necessary parties, and Plaintiffs properly seek these damages from Kevin for the alleged breach of his fiduciary duties.

B. Declaratory Judgment and Specific Performance Claims

As far as the Court can parse, Counts One through Three of the Complaint seek a declaratory judgment that will conclusively determine: (1) Plaintiffs' interests in the 2012 Trust and/or FBO Trusts, and (2) whether Plaintiffs and Kevin, as the beneficiaries of the 2012 Trust, each own twenty-five percent of Gersh Realty stock.  (Compl. ¶¶ 115-24.)  Plaintiffs also seek an order directing Kevin to immediately transfer twenty-five percent of Gersh Realty stock to Plaintiffs.  (Id. ¶¶ 119, 122, 124.) Defendants argue that Gersh Realty is a "necessary party" whose joinder would destroy diversity because "Kevin cannot make [the requested] transaction in his individual capacity" and the Court would be without jurisdiction to "force [Gersh Realty] to reissue stock in the individual names of the Plaintiffs."  (Defs. Br. at 15-17.)

11

First, Gersh Realty is not a necessary party to the extent Plaintiffs seek a declaratory judgment regarding the existence of the 2012 Trusts and/or FBO Trusts.  Indeed, at this stage of the litigation, Gersh Realty's "joinder is not required to ensure complete relief among the existing parties or to prevent prejudice to [Gersh Realty] since the subject matter of this lawsuit concerns only the benefit or profit (if any) [Kevin] derived from" the alleged decanting, or diversion of funds, from the 2012 Trust.  TMT CO. LTD. v. JPMorgan Chase Bank, No. 16-CV-8757, 2018 WL 1779378, at *3 (S.D.N.Y. Mar. 28, 2018).  Here, if discovery reveals that Kevin never decanted the 2012 Trust, Plaintiffs' interests in the 2012 Trust, and its assets, i.e., Gersh Realty (the 2012 Trust's sole asset), are unaffected.

Second, it is not entirely clear whether Plaintiffs withdrew their request for an order directing Kevin to transfer Gersh Realty's stock.  (See, e.g., Pls. Opp. at 7-8 (representing that Plaintiffs are "seeking recourse solely against [Kevin] and not against" Gersh Realty).)  If so, the Court need not determine whether Gersh Realty is a necessary party.  Nonetheless, the Court finds that Gersh Realty not necessary and, at most, is a nominal defendant that is "disregarded" for diversity of jurisdiction purposes.  Audi of Smithtown, Inc. v. Volkswagen of Am., Inc., No. 08-CV-1773, 2009 WL 385541, at *4 (E.D.N.Y. Feb. 11, 2009) (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)).  The Court

is aware of limited "case law holding that where, as here, a dispute concerns ownership interests in a corporation and the plaintiff seeks as part of their relief an injunction ordering the registration of shares in their name on the corporation's books and records and a declaratory judgment as to their ownership interests, the corporation is a necessary party."  Wang v. Beta Pharma, Inc., No. 14-CV-1790, 2015 WL 5010713, at *10 (D. Conn. Aug. 24, 2015) (citing Crump v. Thurber, 115 U.S. 56, 60 (1885) and Fisher v. Dakota Cmty. Bank, 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005)).  However, "'most lower federal courts' have construed the 'formal or nominal party' doctrine" as the "limited . . . exception . . . in which it is clear that . . . the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party."  Id. (quoting Fisher, 405 F. Supp. 2d at 1095) (emphasis in original) (internal quotation marks and further citations omitted).

In actions for specific performance, such as here, courts have determined that defendant corporations fall within the exception and are nominal parties where "the only role for the corporation in the event of the [plaintiffs'] success . . . would be to perform the ministerial act of transferring the shares upon the books of the corporation" because "were it otherwise, every dispute over stock ownership would require the presence of the issuing corporation."  Coleman v. Johnston, 532 F. Supp. 370, 371

(S.D.N.Y. 1981), disapproved of on other grounds by Gardner &
Florence Call Cowles Found. v. Empire Inc., 754 F.2d 478 (2d Cir.
1985); see Kleeberg, 331 F.R.D. at 323-24 (granting plaintiffs, as
beneficiaries to a family trust, leave to file an amended complaint
to add a claim for declaratory judgment that "Plaintiffs are
shareholders of record in [a certain entity], and, together, hold
two-third of the shares held in trust," among various other claims,
where the entity at issue was named as a nominal defendant to
"ensure complete relief"); cf. Wang, 2015 WL 5010713, at *10 &
n.13 (finding non-diverse entity was a necessary party whose
joinder destroyed jurisdiction but declining to resolve the extent
of Crump's reach because the non-diverse entity would be "required
to do more than ministerial tasks falling within its sound control"
and the court did not "rely solely upon Crump or the type of relief
Plaintiff seeks from [non-diverse entity] in reaching its
conclusion that [the non-diverse entity] is a necessary party").

The Court's determination that Gersh Realty is not a
necessary party is bolstered by the fact that its shares are
alleged to be held in the 2012 Trust for the benefit of Plaintiffs
and Kevin as beneficiaries. At best, Gersh Realty "is a witness
for the current defendants in a dispute between" Plaintiffs and
Kevin regarding their interests in the 2012 Trust. BMG Music v.
Vanxy, Inc., No. 98-CV-6496, 1999 WL 493345, at *2 (S.D.N.Y. July
12, 1999). Moreover, the Complaint alleges that Kevin is the sole

officer and director of Gersh Realty (Compl. ¶ 19), and Kevin "would certainly be able to adequately represent [Gersh Realty], especially given that [Kevin] would provide [Gersh Realty's] representation and that the interests of [Kevin] and [Gersh Realty] are identical." BMG Music, 1999 WL 493345, at *2 (citing Rose v. Simms, No. 95-CV-1466, 1995 WL 702307, at *6 (S.D.N.Y. 1995)); PMJ Cap. Corp. v. Bauco, No. 16-CV-6242, 2018 WL 485973, at *5 (S.D.N.Y. Jan. 18, 2018) (stating that "when a defendant is the president and sole shareholder of a company that was not joined in the action, the company is not a necessary party because the defendant is 'certainly . . . able to adequately represent [the company].' (quoting BMG Music, 1999 WL 493345, at *2)); Wilshire Ltd. v. Rajaei, No. 06-CV-5613, 2007 WL 2457410, at *5 (S.D.N.Y. Aug. 22, 2007) (noting "the legal position . . . that a 100% owner can adequately represent the interests of its corporation--a position supported in the case law.").

Because Gersh Realty is not a required party, the Court does not proceed to step two of the analysis. Pullman v. Alpha Media Pub., Inc., No. 12-CV-1924, 2013 WL 1290409, at *33 (S.D.N.Y. Jan. 11, 2013), report and recommendation adopted by, 2013 WL 1286144 (S.D.N.Y. Mar. 28, 2013), aff'd, 624 F. App'x 774 (2d Cir. 2015). The portion of Defendants' motion seeking dismissal on the basis that Gersh Realty is a necessary party to Plaintiffs' declaratory judgment claims is DENIED. Nonetheless, the Court

finds that some of the issues raised by Defendants might be resolved by a more detailed and organized pleading and Plaintiffs are GRANTED leave to file an amended complaint.

C. Accounting Claims

The Complaint's fifth cause of action seeks an accounting from Kevin with respect to the 2012 Trust, Gersh Realty, the FBO Trusts, and the Edward Gersh Realty Trust. "As a general matter, a beneficiary of a trust has a right to demand an accounting of the trustee." In re Lloyd's Am. Tr. Fund Litig., 954 F. Supp. 656, 678 (S.D.N.Y. 1997). "A party seeking an accounting must establish four conditions: '(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal.'" Kleeberg, 331 F.R.D. at 321 (quoting Winklevoss Cap. Fund, LLC v. Shrem, 351 F. Supp. 3d 710, 721 (S.D.N.Y. 2019)). More specifically:

> An equitable accounting is used to require a fiduciary to demonstrate what they did with their principle's property. Where a plaintiff successfully asserts an accounting claim, the fiduciary will be required to return the property as well as any profits generated by the use of the property. The statute of limitations period for a demand for an accounting is the greater of six years from the date the cause of action accrued or two years from discovery of the fraud, or the time when fraud could have been discovered with reasonable diligence. The open repudiation

16

doctrine also applies to the assertion of an accounting claim.

Id. at 321-22 (citations omitted).

Here, Plaintiffs have pled sufficient facts to justify their accounting claim with respect to the 2012 Trust and the FBO Trusts. Specifically, they allege that: (1) they were in a fiduciary relationship with Kevin; (2) they trusted Kevin to manage the 2012 Trust, including its sole asset, Gersh Realty, and/or the FBO Trusts; and (3) they now have reason to believe that Kevin "abused [his] fiduciary relationship with Plaintiffs to enrich [himself], and Plaintiffs will be unable to uncover the extent of [Kevin's] purported fraud" and/or self-dealing without an accounting. Kleeberg, 331 F.R.D. at 322. Accordingly, the portion of Defendants' motion seeking to dismiss Plaintiffs' accounting claims against Kevin for the 2012 Trust and the FBO Trusts is DENIED. Plaintiffs are granted leave to file an amended complaint to assert these claims against Kevin in his capacity as trustee.

Plaintiffs also seek an accounting from Edward Gersh Realty Trust (Compl. ¶¶ 129) and "from the source of funds used to capitalize and fund defendants Gersh [Seattle] and Gersh [International]" (Id. ¶¶ 131).[6] These claims fail because the

---

[6] To the extent Plaintiffs seek an accounting from Kevin in his capacity as officer and director of Gersh Realty, the Court is not persuaded that this claim fails in light of his "fiduciary duties

17

Complaint does not "allege a fiduciary or confidential relationship between [Plaintiffs and Kevin] and any of those defendants." Grgurev v. Licul, 229 F. Supp. 3d 267, 291 (S.D.N.Y. 2017). Moreover, "[a]lthough New York courts have, in some cases, treated an equitable action for an accounting as a legal action for monetary damages where the parties have no fiduciary or confidential relationship, such treatment here would be duplicative and unnecessary." Id. Accordingly, the portion of Defendants' motion seeking to dismiss claims against Kevin for an accounting of the Edward Gersh Realty Trust, Gersh Seattle, and Gersh International is GRANTED and the claims are DISMISSED.[7]

III. Leave to Amend

Leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). However, it is "within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d

---

to the shareholders of [Gersh Realty] (including the [2012] Trust, which held the shares for the benefit of the Trust beneficiaries)." Kleeberg, 331 F.R.D. at 318. At this juncture, however, the Court declines to adjudicate such a claim given that leave to amend is appropriate.

[7] Because the Court finds that Plaintiffs failed to adequately plead a cause of action against Gersh Seattle and Gersh International, it does not address whether they are subject to the Court's jurisdiction. In any event, the Court finds that Defendants did not waive the defense of lack of personal jurisdiction when they adhered to the Court's December 27, 2019 directive to file an answer while this motion was pending.

Cir. 2007).   "[A] district court may deny leave to amend" when "amendment would be futile because the problem with the claim 'is substantive . . . [and] better pleading will not cure it.'" Reynolds v. City of Mount Vernon, No. 14-CV-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)) (alteration in original).

In response to the Court's March 18, 2020 Electronic Order, Plaintiffs submitted a redline version of a proposed amended complaint.   (See Proposed Am. Compl., D.E. 26.)   The proposed amended complaint does not cure many of the deficiencies raised by Defendants and further detailed herein, including the Complaint's confusing narrative, the failure to name defendants in their official capacities, the failure to assert the appropriate causes of action, and duplicitous causes of action.   Accordingly, the Court declines to consider Plaintiffs' proposed amended complaint and Plaintiffs are GRANTED leave to file a second amended complaint consistent with this Memorandum and Order.   Any amended complaint must be labeled "Second Amended Complaint" and must be filed within thirty (30) days of this Memorandum and Order.

CONCLUSION

For the reasons stated herein, Defendants' motion (D.E. 23) is GRANTED in part and DENIED in part.  Plaintiffs are GRANTED leave to file a Second Amended Complaint within thirty (30) days of this Memorandum and Order.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:    November __19__, 2020
          Central Islip, New York


20