UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
5/23/2022 9:52 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ELLYNN GREENHAUS et al,

                    Plaintiffs,

            v.

KEVIN GERSH,

                    Defendant.

Docket 2:19-cv-05266-JS-ST
United States Courthouse
Central Islip, New York

May 18, 2022
12:09 p.m. - 12:21 p.m.

TRANSCRIPT FOR CIVIL CAUSE
TELEPHONE STATUS CONFERENCE
BEFORE THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

- A P P E A R A N C E S -

For Ellynn Greenhaus        EDWARD N. GEWIRTZ, ESQ.
and Laurie Gersh:           Law Offices of Edward N. Gewirtz
                            60 East 42nd Street, Suite 4600
                            New York, New York 10165
                            (212) 697-6484; (212) 697-7296 fax
                            chona@bgandg.com

For Roxanne Gersh:          BRYAN F. LEWIS, ESQ.
                            Lewis Johs Avallone Aviles, LLP
                            1377 Motor Parkway, Ste 400
                            Islandia, New York 11749
                            (631) 755-0101; (631) 755-0117 fax
                            bflewis@lewisjohs.com

Plaintiffs:                 ELLYNN GREENHAUS, LAURIE GERSH,
                            ROXANNE GERSH

For Kevin Gersh             STEVEN J. HARFENIST, ESQ.
and his entities:           Harfenist Kraut & Perlstein, LLP
                            3000 Marcus Avenue, Suite 2e1
                            Lake Success, New York 11042
                            (516) 355-9600; (516) 355-9601 fax
                            sharfenist@hkplaw.com

Defendant:                  KEVIN GERSH

Transcriber:                AA EXPRESS TRANSCRIPTS
                            195 Willoughby Avenue, Suite 1514
                            Brooklyn, New York, 11205
                            (888) 456-9716
                            contact@aaexpresstranscripts.com

(Proceedings recorded by electronic sound recording)

COURTROOM DEPUTY:  Calling civil case 19-cv-05266, **Greenhaus et al v. Gersh.**  Counsels, please state your appearances for the record.

MR. GEWIRTZ:  Edward Gewirtz, of Bronstein, Gewirtz & Grossman, for the plaintiffs, Laurie Gersh and Ellynn Greenhaus.

MR. LEWIS:  Bryan Lewis, of Lewis Johs Avallone Aviles, for Roxanne Gersh, plaintiff.

MR. HARFENIST:  Steven Harfenist, Harfenist Kraut & Perlstein, for Kevin Gersh and his entities.

THE COURT:  This is Judge Seybert.  Mr. Gewirtz and Mr. Lewis, your clients are on the phone.  The parties are on the phone.  Mr. Harfenist, your client is not on the phone because he had a scheduled procedure, and the change in this conference's time necessitated him going forward with the procedure.  But he will waive his appearance for purposes of this conference.  Correct, Mr. Harfenist?

MR. HARFENIST:  Judge, he's actually calling me now, so I'm going to conference him in.  I think he's done.

THE COURT:  All right.

MR. HARFENIST:  So, hold on one second.

THE COURT:  We'll hold.

MR. HARFENIST:  Judge, I believe I have Kevin Gersh on the line right now.

THE COURT:  Mr. Gersh?

MR. GERSH:  I apologize for my tardiness, judge.

Greenhaus et al v. Gersh - 5/18/22                    3

THE COURT:  All right.  So, you're on the line and everyone is ready to go forward, correct?

MR. GERSH:  That's correct.

ALL COUNSEL:  Correct.

THE COURT:  With respect to our most recent conference that was back on April 14, 2022, this was primarily scheduled as a control date to inquire whether Roxanne would be accepting an offer from her sisters, Ellynn and Laurie or would be accepting an offer from Kevin to buy out Roxanne's interest in the property, subject to the parties' term sheet.  I was informed that Roxanne and Kevin had an agreement in principle, and that Roxanne would be exiting this litigation.  Mr. Lewis, what is the status of that proposed agreement in principle?  Is it reality now?

MR. LEWIS:  It is close to it, Your Honor.  We had a little bit of delay early on, as you may recall.  Mr. Harfenist, and I were both away when we did that last conference, but Mr. Harfenist came back and went into trial.  So, there was a little bit of a delay there, but he and I were in communication.  And certainly, Your Honor's docket entry helped speed that along, so thank you.

We've had documents exchanged; we've exchanged comments.  It is consistent with the agreement.  And Kevin Gersh has ceded really all of our requests in terms of the security. I've had a couple of ideas that we have kicked around.  Some of

Greenhaus et al v. Gersh - 5/18/22                    4

them have not worked.  So, really, the only thing holding this up is finalizing one bit of additional security, which is not due to any reluctance, it's due to just logistics, Your Honor. And some of the ideas I've floated just have not worked for whatever reason.  And so, I do expect that we will be able to hammer that out.  Honestly, we had hoped to be able to hammer that out before this call, but the last idea I had didn't work, so I think we'll be able to hammer it out within the next couple of days and expect to have this wrapped up at some point at the end of next week.  Maybe I'm being too optimistic, but I do think that's --

          MS. R-GERSH:  Your Honor, this is Roxanne Gersh.  Just for sticks and needles, I'm very happy with my decision and --

          THE COURT:  Okay.  Ms. Roxanne Gersh?

          MS. R-GERSH:  Yes?

          THE COURT:  Just let your lawyer talk.  That's why he's here.

          MS. R-GERSH:  Oh, I'm sorry.

          THE COURT:  Thank you.  Okay.  Please, if you would, Mr. Lewis?

          MR. LEWIS:  I think I was done, Your Honor.  I think we will have this wrapped up in the next couple of days.  There is no delay due to any disagreement, or change in circumstances, it is just really trying to make iron clad in terms scheduling, which Mr. Gersh has expressed willingness to do.  And in my

dealings with Mr. Harfenist, they are very much willing to do so, it's really, just putting it together.  So, there you go.

THE COURT:  Okay.  So, here I go.  June 1, 2022, that's the date I need to have filed a settlement and the discontinuance by Roxanne Gersh.  I'm not waiting any longer. It takes a lot of efforts getting these things together and I've been promised a lot of things on many occasions.  June 1, I need to have that, and then I will also need your scheduled appointment before Judge Skelos.  Any questions?  Any need to go into any more detail?

MR. LEWIS:  Your Honor, this is Bryan Lewis.  I just want to highlight for the Court that when we do reach the settlement agreement with Roxanne, one of the things we are going to have it secured by is a consent degree that can be entered if there is a default in payment.  And so, I just wanted to flag that for the Court.  That's going to be in the agreement, and when we do the stip. of dismissal, we will likely have a sentence in there saying that the Court is going to retain jurisdiction for the entry of that consent or something to that effect, that there is a retention of jurisdiction just for that purpose.  So, I just wanted to flag that for Your Honor to be aware of.

THE COURT:  All right.  But I'm going to have that in hand, June 1.  Is that correct, Mr. Lewis?

MR. LEWIS:  Absolutely, Your Honor.  Yes.

Greenhaus et al v. Gersh - 5/18/22                     6

THE COURT:  And is that correct, Mr. Harfenist?

MR. HARFENIST:  It's 100 percent correct.

THE COURT:  A 100 percent.  Make my day.  Then, if you would, please schedule immediately the mediation before Judge Skelos.  Why don't you do that now?

MR. HARFENIST:  Judge, this is Steve Harfenist.  Once Mr. Lewis and I essentially reached agreement on virtually all the terms, and I agree with him that he's got some mechanical stuff regarding the security.  I tried to schedule the mediation with Judge Skelos as soon as possible because his calendar gets really jammed up very quickly.  For some unknown reason, I don't know why, but NAM is not doing any mediations in person at this point because of some claim that there's an increase in COVID cases, so they're all being run virtually.  And Judge Skelos had an availability for May 25.  So, I floated that date around and candidly moved a bunch of stuff around to try to make it happen, because I know the Court would want to get this done, and we want to get it done too, one way or the other.  And I don't know what Mr. Gewirtz's position would be about moving forward on the mediation on the 25th.

I am so confident that we are going to resolve this with Roxanne's piece that I would even go forward with that mediation even if we're just waiting for signatures on an agreement.  I think Mr. Lewis and I are going to have that worked out by Monday.  I don't know if Judge Skelos has that

Greenhaus et al v. Gersh - 5/18/22                    7

date available anymore, but I think we should just push that because of the way his schedule works.  We should push that as soon as possible, and since it's virtual, you have a little bit more flexibility in trying to get all the parties in place.

MR. GEWIRTZ:  Your Honor --

THE COURT:  I just would -- Mr. Gewirtz?

MR. GEWIRTZ:  Yes, this is Mr. Gewirtz.  We can't take that date because, for one thing, one of my client's is leaving the country the next day, and told me she's not available.  She's going to be out of the country between May 26th and June 6th, so she told me she cannot do it the day before she leaves the country.

The other thing is that, my clients have told me that they are prepared to let Kevin buy it at $6.25 million if he wants to do that within ten days.  At least come up with the deposit money within ten days.  If not, they're prepared to write checks to Roxanne and to Kevin for them to buy it at the 6.25 million price, but with the caveat that Kevin has to agree not to do anything to interfere with development on the property.

THE COURT:  You know he's not going to do that, Mr. Gewirtz.

MR. GEWIRTZ:  Well, I don't know that, it's up to him to tell us if he's willing to do that.

MR. GERSH:  I'm willing to do that.

Greenhaus et al v. Gersh - 5/18/22                    8

THE COURT:  Mr. Harfenist, is he willing to do that?

MR. HARFENIST:  No, he's not.  And frankly, judge, there's lots of contingencies.  This is why we belong in front of Judge Skelos to talk about all these issues.

THE COURT:  Okay.  So, Mr. Gewirtz, you can't do the May 25th mediation in front of Judge Skelos.

MR. GEWIRTZ:  I'm told by my client, Laurie Gersh, who says she's not going to be able to do it that day.  That she is leaving the country the next day for two weeks, we had told them that when she returns, which would be about June 6th or after, then she would be able to go ahead with the mediation.

THE COURT:  Wow.

MR. HARFENIST:  Judge, this is Steve Harfenist.  I'll get some more dates from Judge Skelos that work around Mr. Gewirtz's client's shallow schedule, and try to get it on the calendar as soon as everybody can make it.  Virtual means, nobody has got to travel.

THE COURT:  I really don't want to see you folks.  I especially don't want to see you in person.  So, I don't know how much clearer I can make myself that this case, I have every expectation, will be settled before the end of July.  No more adjournments.  I'm going to put it on my calendar, and we'll just bat it out because it's reached a point where we go round and around and around.  Get it before Judge Skelos; keep me posted on what's happening.  I don't want to have to call

Greenhaus et al v. Gersh - 5/18/22                    9

another conference like this and essentially waste everyone's time.

So, the date that I am to get the discontinuance will be June 1.  Don't call and ask for an adjournment or an extension.  It's time.  Get it done.  You're competent attorneys; you know how to work it.  And then by the end of July, I want you to have appeared before Judge Skelos and hopefully resolve the case entirely with the old term sheet or new term sheet or whatever.  Any questions?

(No response.)

THE COURT:  All right.  Thank you.  Bye-bye.

- o0o -

CERTIFICATION

I, Rochelle V. Grant, approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in this matter.

_____

May 22, 2022